IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION


SHEILA F. GRAHAM,[1]               )
                                   )
          Plaintiff,               )
                                   )
v.                                 )        No. 2:06-CV-165
                                   )
JO ANNE B. BARNHART,               )
Commissioner of Social Security,   )
                                   )
          Defendant.               )


## <u>MEMORANDUM OPINION</u>


This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of

defendant Commissioner's final decision denying plaintiff's claim for disability insurance

benefits under Title II of the Social Security Act. For the reasons provided herein,

defendant's motion for summary judgment [doc. 10] will be denied, and plaintiff's motion

for judgment [doc. 8] will be granted to the extent it seeks remand pursuant to sentence four

of § 405(g).[2]

---

[1] The administrative record indicates that plaintiff spells her name "Shelia" [Tr. 41, 89], but her attorney employs the spelling "Sheila" [Tr. 7]. As is its practice, the court in its case caption will use the spelling contained in the caption of the complaint, which in this case is "Sheila." [Doc. 1].

[2] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

# I.

## *Procedural History*

Plaintiff applied for benefits in April 2004, alleging a disability onset date of December 31, 2003, due to back pain. [Tr. 41, 91]. The application was denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") on August 30, 2005. Plaintiff appeared *pro se*. [Tr. 226-27].

On January 3, 2006, the ALJ issued a decision denying benefits. At step two of the sequential evaluation process, he concluded that plaintiff has no "severe" impairment - despite finding that she suffers from "degenerative disc disease, osteopenia, migraine headaches, and hypertension." [Tr. 17-19]. Plaintiff was accordingly found ineligible for benefits.

Plaintiff then retained legal counsel [Tr. 21-22] who assisted her in seeking review from the Commissioner's Appeals Council. Review was denied on June 17, 2006. [Tr. 4]. The ALJ's ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Through her timely complaint (and through counsel), plaintiff has properly brought her case before this court. *See* 42 U.S.C. § 405(g).

## II.

### *Background*

Plaintiff was born in 1947. [Tr. 41]. She worked as a payroll officer and cashier at car dealerships from 1981 until December 31, 2003. [Tr. 46, 91, 106, 228, 230], quitting when she allegedly "just could not get up and down anymore." [Tr. 231].

Plaintiff alleges daily, constant pain [Tr. 77] which has worsened over time. [Tr. 39, 54, 59, 91]. Although her primary complaint is with rising from a seated position [Tr. 54, 61, 99, 228], she also reports problems with lifting, standing, walking, and bending. [Tr. 56, 61, 64, 88-89]. Plaintiff can admittedly drive short distances, perform some housework with rest, take brief shopping trips, visit family, and attend church three times per week. [Tr. 55, 58-59, 78, 88-89]. She takes both prescription and over-the-counter pain medication. [Tr. 87, 223]. Plaintiff's former office manager has stated that during "the last 6 months of Shelia's work time I could see that she was having trouble sitting for any period of time. . . . Shelia could not lift the payroll journals or anything over 5 pounds." [Tr. 105].

## III.

### *Applicable Legal Standards*

This court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g)*; Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). Nonetheless, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 490 (1951).

A claimant is entitled to disability insurance payments under the Social Security Act if she (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A). Disability is evaluated pursuant to a five-step analysis summarized by the Sixth Circuit as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520 (1997)). It is the second of these steps that is at issue in this appeal, and plaintiff bears the burden of proof at that step. *See Walters*, 127 F.3d at 529. The burden does not shift to the Commissioner until step five. *See id.*

IV.

*Analysis*

Plaintiff presents both a specific and a general criticism of the step two dismissal of her claim. The court will address these issues in turn.

A. <u>Notice to Plaintiff</u>

Plaintiff first complains that she had no warning that step two "severity" would be an issue at her administrative hearing. This contention is wholly without merit.

The court first observes that "severity" is a fundamental issue in the adjudication of all disability claims. *See Walters*, 127 F.3d at 529. Further, the present record documents that on July 29, 2005, the ALJ's office mailed plaintiff a "Notice of Hearing." [Tr. 25]. Therein, plaintiff was advised that the issues to be considered at her hearing included "*the severity of your impairment(s)*[.]" [Tr. 26] (emphasis added). On August 5, 2005, plaintiff acknowledged receipt of the notice. [Tr. 24].

This issue accordingly merits no further discussion. The conduct of plaintiff's counsel before this court, however, does. In addition to labeling the ALJ's reasoning biased and "out and out ignorant" [Doc. 8, p. 4], counsel's brief argues that

> *counsel* [n]ever anticipated that the Administrative Law Judge (ALJ) was secretly and without claimant having been informed or advised intending to raise such issue [of step two severity at the administrative hearing]. This was especially true since the question of "severe impairment" was NOT raised in the notice of hearing. Even at and during the administrative hearing of this case, the ALJ never advised claimant *or counsel* that he intended to contest [that issue].
>
> . . .
>
> . . . At the hearing level, *counsel anticipated* contesting Steps 4 and 5, but not Step 2 . . . .
>
> Failure to advise claimant *and counsel* of his intentions was obviously prejudicial with respect to the preparation and development of claimant's evidentiary presentation. It deprived *them* of the knowledge of the need to further develop the new and unannounced issue of "severe impairment[.]"

[Doc. 8, p. 2-3] (italics added, capitalization in original).

Counsel's repeated complaints of being personally ambushed by the "secretive" ALJ are incredible, because plaintiff appeared at the administrative hearing *pro se*. [Tr. 226-27]. Counsel was not hired until five months *after* the hearing. [Tr. 21-22]. Thus, the factual basis of counsel's briefing is completely erroneous. Her arguments are totally unfounded and misrepresent the record. It is expected that all persons involved in the creation/submission of plaintiff's "Motion for Judgment" will review with great care the provisions of Rule 11 of the Federal Rules of Civil Procedure prior to filing another pleading in this court.

## B. Step Two "Severity"

Finding no "severe" impairment, the ALJ dismissed plaintiff's claim at step two  The "severe" impairment threshold is a "*de minimis* hurdle" to be "employed as an administrative convenience to screen out claims that are 'totally groundless' solely from a medical standpoint." *Higgs v. Bowen*, 880 F.2d 860, 862-63 (6th Cir. 1988) (citation omitted). "Congress has approved the threshold dismissal of claims obviously lacking medical merit, because in such cases the medical evidence demonstrates no reason to consider age, education, and experience" at steps four and five. *Id.*

A claimant fails at step two if she does not demonstrate an "impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). Stated in the reverse, an applicant should be rejected at step two only if the alleged impairment is a "slight abnormality which has such

a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985) (citation omitted). This severity threshold "increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987).

The present plaintiff submitted sufficient subjective evidence to satisfy her step two burden of proof. A 2001 MRI of the lumbar spine showed degenerative changes at multiple levels [Tr. 114, 151-52], as did a September 2003 MRI of the same area. [Tr. 109, 120-21].[3] September 2003 examination by Dr. Richard Duncan showed diffuse tenderness in the lower lumbar spine. [Tr. 109]. Examination that same month, and again in November 2003, by treating physician Mary Jane Gibson showed "spasm to palpitation of the lumbar sacral region[.]" [Tr. 128-29]. At a 2004 consultative examination, Dr. Karl Konrad found limited range of motion in the lumbar spine. [Tr. 167-68].[4] Substantial evidence therefore does not support the step two dismissal of plaintiff's claim as "totally groundless."

---

[3] Plaintiff's contention that her pain worsened between the 2001 and 2003 testing is consistent with the office notes of her treating physicians. [Tr. 109, 127-29].

[4] In his decision, the ALJ dismissed this finding as "subjective in nature." [Tr. 17-18]. *But see Martin v. Sec'y of Health & Human Servs.*, No. 85-1828, 1986 WL 18075, at *6 (6th Cir. Oct. 23, 1986) (restricted range of motion is an *objective*, not *subjective*, finding); *Laskowski v. Apfel*, 100 F. Supp. 2d 474, 482-83 (E.D. Mich. 2000) (same).

The court, however, declines plaintiff's invitation to award benefits based on the present record. A reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir.1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.*

No vocational assessment of record expressly concludes that plaintiff cannot work. [Tr. 168, 169, 177]. All essential factual issues therefore have not been resolved, and the administrative record, read as a whole, does not presently establish an entitlement to benefits. *Id.*

This case will therefore be remanded to the Commissioner for further evaluation. Plaintiff's request for a new ALJ on remand will be denied and left to the discretion of the Commissioner. An order consistent with this opinion will be entered.

ENTER:

_____ s/ Leon Jordan _____
United States District Judge